IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYFORD F. PERRY, #202100497, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:22-CV-193-B-BK |
| | § | |
| THE STATE OF TEXAS, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

I. BACKGROUND

On December 13, 2021, *pro se* Plaintiff Rayford Perry, a federal detainee at the Johnson County Jail in Cleburne, Texas, filed a pleading titled *Negligence Tort Claim* against the State of Texas, the State of Oklahoma, and the State of California. Doc. 1. He advances a laundry list of grievances and events—often conclusory. Doc. 1 at 3-6. As best as the Court can glean from the complaint, Perry alleges due process violations and negligence and intentional torts by state employees. Doc. 1 at 2-3. He seeks $1.5 million in damages for lost wages, "car storage," and mental pain and suffering. Doc. 1 at 6-8.

Perry asserts the following litany of events:  On March 2, 2021, Magistrate Felipe O. Calvada arraigned him on aggravated robbery charges in violation of his Fifth Amendment rights.  Doc. 1 at 2-3.  In February 2021, Perry was confined at the Tarrant County Jail for 67 days.  Doc. 1 at 5.  The U.S. Marshal subsequently took him into federal custody and confined him at the Johnson County Corrections Center for an additional 66 days.  *Id.*  On June 17, 2021, Perry was transferred to the Grady County Law Enforcement Center for five weeks, where he was deprived of pen and paper, notary services, and the "right to enjoy common occupations."  Doc. 1 at 5.

He also contends that on July 22, 2021, the Federal Bureau of Prisons (BOP) transferred him to Los Angeles, California, to undergo psychiatric evaluation for approximately three months.  Following his return to the Johnson County Jail, Dr. Wendy Elliot conducted a psychiatric evaluation in an attorney-client-visiting booth.  Doc. 1 at 6.  He alleges that because the booth had no restroom, Perry allegedly was forced to urinate on himself, for which he received a disciplinary violation.

The Court takes judicial notice of the fact that Perry was recently found to be mentally incompetent and that he was ordered committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility.  *United States v. Perry*, No. 4:21-CR-093-O (N.D. Tex., Fort Worth Div., Nov. 22, 2021); Crim. Doc. 40.  However, as detailed below, Perry fails to present a cognizable claim or anything that can be construed as such.  Therefore, this action should be dismissed as frivolous and for failure to state a claim. [1]

---

[1] This action was initially filed in the Fort Worth Division and transferred to this Court on venue grounds after Plaintiff paid the filing fee.  Doc. 13.

## II. ANALYSIS

Although Perry paid the applicable filing fee, his complaint is still subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998). That statute provides for the *sua sponte* dismissal of a complaint against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*, if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Perry's complaint should be dismissed.

First, Perry has failed to state a plausible legal claim or anything that can be construed as such. His conclusory statements do not even rise to the level of "threadbare recitals" of the elements of a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Perry simply lists events that occurred during the past year and presents no supporting

legal authority for the claims he asserts. Moreover, his factual contentions are simply inadequate to support any cognizable claim.

Further, insofar as Perry attempts to sue states and state officials for constitutional violations under 42 U.S.C. § 1983, his claims are barred by the Eleventh Amendment immunity. The Eleventh Amendment bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states are not persons subject to suit under § 1983 because of the Eleventh Amendment). Eleventh Amendment immunity applies equally to state officials when sued in their official capacities because official capacity suits are construed as suits against the state. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 71. Therefore, Perry cannot sue the States of Texas, Oklahoma, or California or any state officials in their official capacities for monetary damages or injunctive relief under § 1983.

Likewise, negligent conduct, in and of itself, does not amount to a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Consequently, any claim Perry intends to assert based on negligence is not actionable under § 1983.

In addition, to the extent Perry sues under the Texas Tort Claims Act, he states no plausible claim for relief. His claims relate to the actions of state, and possibly federal, officials during his pretrial confinement, but he fails to allege the "existence and violation of a duty," on which tort liability depends under Texas law. *See Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 736 (5th Cir. 2010) (the Texas "Tort Claims Act does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist").

Consequently, Perry's complaint should be dismissed with prejudice as frivolous and for failure to state a claim and for seeking monetary relief against Defendants who are immune from such relief.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Perry's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims. Under these circumstances, the Court can only conclude that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on February 8, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).